UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-cr-20507-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FERNANDO SANCHEZ, JR.,

    Defendant.
_____/

## ORDER ON MOTION TO REDUCE SENTENCE

**THIS CAUSE** is before the Court upon Defendant Fernando Sanchez, Jr.'s ("Defendant") Motion to Reduce Sentence, ECF No. [146] ("Motion"),[1] filed on January 14, 2022. The Government filed its Response, ECF No. [147], to which Defendant filed a Reply, ECF No. [148]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I.    BACKGROUND**

On August 11, 2005, Defendant pleaded guilty to two counts of a nine-count indictment. The charges consisted of conspiracy to distribute methylenedioxymethamphetamine ("MDMA") (Count 1) and conspiracy to distribute 50 grams or more of methamphetamine (Count 3). ECF No. [93]. Because Defendant had previously been convicted of a felony drug offense, the Government filed notice—under 21 U.S.C. § 841(b)(1)(A) and (B)—that Defendant faced a minimum term of imprisonment of 20 years and a maximum term of life imprisonment on Count 3. ECF No. [45].

---

[1] Defendant's filing is untitled, but requests that the Court reconsider his sentence following the passage of the First Step Act. As a result, the Court construes Defendant's filing as a request to reduce his sentence.

Defendant's sentence was thus enhanced pursuant to § 851. At an initial sentencing hearing, Defendant challenged the sufficiency of the Government's proof of his prior criminal convictions. ECF No. [98] at 3-16. Defendant requested, and the Court granted, an opportunity to further examine the evidence of his prior convictions. As such, the Defendant's sentencing hearing was continued. *Id*. at 14-16.

On March 24, 2006, at the continued sentencing hearing, Defendant conceded that the evidence of the prior convictions underlying his criminal history category was sufficient. ECF No. [94] at 2-3. As a result, Defendant was not safety-valve eligible from a 240-month mandatory minimum sentence. *Id*. The Court therefore sentenced Defendant to a term of 240 months imprisonment followed by a term of six years of supervised release as to Count 1 and ten years of supervised release as to Count 3, to run concurrently. ECF Nos. [88], [94] at 5. Defendant did not object. ECF No. [94] at 6.

Defendant appealed his sentence to the United States Court of Appeals for the Eleventh Circuit. ECF No. [89]. The Eleventh Circuit affirmed Defendant's sentence, and the United States Supreme Court denied certiorari review. *See United States v. Sanchez*, 215 F. App'x 853, *cert. denied*, 550 U.S. 977 (2007).

Defendant filed a § 2255 motion to vacate on June 4, 2008, which the Court denied. *See* Case No. 08-cv-21583. Defendant thereafter filed two motions requesting reductions in sentence based upon medical and age-related circumstances. ECF Nos. [127], [136].[2] The Court denied both motions. ECF Nos. [135], [144].

In the instant Motion, Defendant requests that the Court reconsider his sentence, including the chapter 851 enhancement, in light of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194

---

[2] Defendant's first motion, ECF No. [127], was filed prior to the COVID pandemic, and the second, ECF No. [136], was filed during the ongoing COVID pandemic.

(2018), which he appears to contend applies retroactively to his sentence. *See* ECF No. [146]. In his Reply, Defendant clarifies that he is requesting a reduction in sentence due to his advanced age and medical conditions in light of the COVID pandemic. *See* ECF No. [148]. The Government opposes the Motion.

## II. LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

## III. DISCUSSION

### A. Retroactivity

The First Step Act amended § 841(b)(1)(A)—one of the statutes under which Defendant was sentenced—by changing the mandatory penalties imposed for repeat offenders, as well as the

3

types of offenses that trigger those penalties. Specifically, § 401(a) of the First Step Act changed the prior-conviction requirement to a "serious drug felony." Defendant's Motion appears to suggest that upon reconsideration in light of these changes, his sentence should be reduced. However, "[i]n unambiguous terms, the First Step Act makes its amendments only prospectively applicable." *United States v. Baptiste*, 834 F. App'x 547, 551 (11th Cir. 2020).

Indeed, § 401(c) of the First Step Act states that it "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." The First Step Act was passed into law on December 21, 2018, and Defendant was sentenced on March 24, 2006. Defendant therefore is not entitled to a sentence reduction under the First Step Act. *See Pubien*, 805 F. App'x at 730 ("The First Step Act did not make § 401's amendments retroactively applicable to defendants sentenced prior to its enactment.").

### B. Age and medical conditions

To the extent that Defendant requests the Court reduce his sentence based upon his age and medical conditions, such request must be denied. The Court previously denied Defendant's first request for reduction in sentence, finding that extraordinary and compelling circumstances did not exist based upon either Defendant's medical conditions or his age. *See* ECF Nos. [135]. Defendant's second motion for reduction in sentence, based upon his claim that COVID placed him at high risk based on his age and medical conditions, was also denied as the Court determined no extraordinary and compelling circumstances existed. *See* ECF No. [144]. In the Motion, Defendant has provided no new information regarding his advancing age and medical conditions, or materials to support his latest request. As such, Defendant fails to satisfy his burden of establishing that a reduction in sentence is warranted. *See United States v. Hamilton*, 715 F.3d 328,

Case No. 05-cr-20507-BLOOM

337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### IV.     CONCLUSION

Accordingly, Defendant's Motion, **ECF No. [146]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 4, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record